7126

### MILLS v. SOUTHERN RY.

1. CARRIER—FREIGHT—PENALTY.—NOTICE of prompt shipment required by act, 24 Stat., 671, so as to subject carrier to penalty in case of delay, must be given to the shipping agent of carrier at the point of shipment and the notice may be given by the consignee or owner or holder of the bill of lading, or by either of them, through another and must be·given within such time before shipment that the agent of the carrier, notwithstanding the other duties involving on him, by the exercise of reasonable diligence may keep·the requirement in mind.

2. IBID.—IBID.—IBID.—The owner or holder of the bill of lading need not show damages by delay in order to recover the penalty.

Before WILSON, J., Chester, November, 1907. Affirmed.

Action by Patience A. Mills against Southern Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. Abney & Muller* and *J. E. McDonald,* for appellant. *Mr. McDonald* cites: *Notice must be given at time of shipment:* 77 S. C., 182; 71 S. C., 85, 211; 73 S. C., 264; 74 S. C., 286; 75 S. C., 354; 76 S. C., 342; 77 S. C., 185; 79 S. C., 155.

*Mr. A. L. Gaston,* contra, cites: *Notice before shipment to any agent of the carrier is sufficient:* 1 Hutch. on Car., 118; 76 S. C., 176; 77 S. C., 216, 78; 76 S. C., 338; 71 S. C., 86; 70 S. C., 6. *Not necessary for owner of bill of lading to prove injury from delay:* 77 S. C., 62.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The complaint in this action alleges a delay of thirteen days in the transportation of a carload of lumber from Westville, in Kershaw county, a station on defendant's railroad, to Smiths, in York county, another station on defendant's railroad, not over one hundred miles distant. Judgment was demanded on account of this delay for sixty-five dollars, as the amount of the statutory penalty at five dollars a day for thirteen days, and for two hundred dollars special damages.

At the trial plaintiff's counsel conceded that there was no evidence warranting the recovery of special damages, and the jury found a verdict for fifty dollars for the statutory penalty of five dollars a day for ten days. The appeal involves the construction of these portions of the penalty act of 26th March, 1904, 24 Stat., 671: "Section 1. *Be it enacted* by the General Assembly of the State of South Carolina, That from and after May 1, 1904, all railroad companies doing business in this State shall transport to its destination all freight received by them for transportation within

this State within a reasonable time after receipt thereof, not exceeding the following times after midnight of the day of the receipt thereof, to wit: Between points not over one hundred miles apart seventy-two hours: * * * *Provided,* That notice be given to the receiving company that prompt shipment of such freight is required, and when requested, such company shall insert in the bill of lading the words, 'prompt shipment required,' which shall be conclusive evidence of such notice, and each such company shall extend such notice to its connecting line or be liable for the consequences of its failure to do so.

"Sec. 2. That any such company failing to comply with the provisions of this act, except for good and sufficient cause, the burden of proof of which shall be on the company so failing, shall be subject, in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight, to a penalty of five dollars per day for every day of delay in excess of the time hereinbefore limited, to be recovered by any consignee who may be injured in any way by such delay, or by the owner or holder of the bill of lading, in any court of competent jurisdiction: * * *."

The bill of lading shows the shipment of a car of lumber by Stevens' Lumber Company, at Westville, consigned to Stevens' Lumber Company, at Smiths; but the bill of lading was indorsed in blank by Stevens' Lumber Company, and there was testimony that the lumber was ordered from Stevens' Lumber Company by R. G. Mills as the agent for his mother, Patience A. Mills, and that the bill of lading indorsed in blank was turned over to Mills for his mother.

By the terms of the statute the penalty for delay does not attach unless there is notice that prompt shipment is required; and the main issue made by defendant was under its denial that such notice as the statute requires was given. The evidence on this issue was to the effect that R. G. Mills, plaintiff's agent in the purchase of

the lumber, who was in the employment of the Stevens' Lumber Company, at Kershaw, made arrangements with the defendant's agent at that point for the shipment of the car of lumber from Westville to Smiths, urging him to make prompt shipment; that Pursley, a clerk in the defendant's office in Kershaw, in recognition of Mills' demand for prompt shipment, telephoned to the defendant's agent at Westville that Mills was in a hurry to get his car placed and moved out. Defendant's counsel, by objections to the evidence and requests to charge, asked the Circuit Court to hold that the notice was insufficient, as a matter of law, (1) because it was given before the shipment, and (2) because it was not given directly by the shipper to the agent at the point of shipment. The act is penal and must be strictly construed, but this rule is quite consistent with the requirement that all statutes must be interpreted in view of the design of their enactment. The legislative design in statutory enactment ought not to be cut short by narrow verbal distinctions, nor enlarged into oppression by giving to the words used too broad a signification. This statute requires notice that prompt shipment is required, without expressly fixing the time of such notice. But evidently the General Assembly did not mean that the notice might be given at any time, however remote, before the shipment. A statute with that meaning would be oppressive, because the burden on the railroad company of keeping in the mind of its agents notices given in the remote past that prompt shipment would be required of freight, afterwards to be shipped, would be intolerable. On the other hand, the construction that the notice must be given at the very instant of shipment would be very narrow. The fair construction is, that the statute requires the notice to be given within such time before shipment that the agent of the carrier, notwithstanding the other duties devolving on him, by the exercise of reasonable diligence, may keep the requirements in mind. It follows that the position of the defendant, that

the notice must be given at the exact time of the shipment, is not tenable.

The statute makes it clear that the notice must be given to the shipping agent and not to any agent of the defendant, for he is the agent who issues the bill of lading, and upon him, therefore, must devolve the duty to insert in the bill of lading on request the words, "prompt shipment required." But it is not necessary, as defendant insists, that he must receive the notice direct from the consignee, or the owner or holder of the bill of lading. The statute lays down no particular method of giving the notice, and, therefore, notice given by the consignee, or owner or holder of the bill of lading, through another is sufficient. In this view, the testimony that the notice was given by the agent of the owner and holder of the bill of lading to the agent of the defendant at Kershaw, and by him extended to the defendant's shipping agent at Westville, was competent; and it was not error for the Circuit Judge to refuse to instruct the jury that there was no evidence of the notice required by the statute.

The Court having decided in the case of *Muckenfuss Manufacturing Company* v. *C. & W. C. Ry. Co., ante,* 177, that proof of injury is not necessary to sustain an action by the owner or holder of the bill of lading to recover the statutory penalty for delay in the transportation of goods, the exceptions on that point cannot be sustained.

The judgment of the Circuit Court is affirmed.